DALTON, APPELLANT, *v.* HYSELL, CLERK, APPELLEE.

(No. 77AP-727—Decided February 23, 1978.)

*Mr. Brian S. Piper,* for appellant.

*Mr. George C. Smith,* prosecuting attorney, *Mr. Frank A. Ray, Mr. Gene Wetherholt* and *Mr. Richard W. Siehl,* for appellee.

McCORMAC, J. Plaintiff commenced an action against defendant by filing the following amended complaint in Franklin County Municipal Court:

"1. On February 11, 1977 Larry Dalton made pay-

ment of Court costs and fine for Traffic Case Number 129912/76.

"2. The Clerk of Courts failed to enter said payment in its books causing an order for the arrest of plaintiff to be issued on the 14th day of May, 1977.

"3. While on duty at the place of his employment as a security guard, and in uniform, plaintiff was arrested because of his alleged failure to pay the fine on Case Number 129912/76.

"4. Plaintiff was wrongly incarcerated in the city jail; was forced to post bond to gain release therefrom; suffered loss of wages for the remainder of the work day; received a formal reprimand at work for the embarrassment caused his employer; and suffered damage to his reputation; all as a result of the nonfeasance complained of.

"Wherefore, plaintiff demands judgment against defendant in the sum of Ten Thousand ($10,000.00) Dollars and costs."

To this complaint defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted, basing that defense upon the contention that defendant was immune from civil prosecution by virtue of the principle of judicial immunity.

The trial court sustained the motion to dismiss the complaint and ordered the complaint dismissed at plaintiff's costs. From the judgment of the trial court, plaintiff has appealed, setting forth the following assignment of error:

"The Court erred in sustaining defendant's Motion to Dismiss plaintiff's Complaint."

The gist of plaintiff's claim is that the Clerk of Courts negligently failed to record plaintiff's payment of a traffic fine which resulted in his subsequent arrest and resulting damages. For the purpose of the motion to dismiss, these allegations must be taken as true.

The question presented in this appeal is whether the negligent omission of a Clerk of Courts to perform a statutory duty which proximately causes injury to another is actionable.

R. C. 1901.31(F) requires the Clerk of a Municipal Court to collect all fines and to keep a public record of all receipts.

Plaintiff's injury, if any, was allegedly caused by the negligent omission of the Clerk of Courts to perform his duties of recording the payment of traffic fines, a statutory duty required of the Clerk by law.

The Court of Appeals for Preble County recently held that the Clerk of the Court of Common Pleas may be liable for negligence as the result of the failure to index a certificate of judgment promptly as required by statute. *Maddox* v. *Astro Investments* (1975), 45 Ohio App. 2d 203. Although the defense of judicial immunity was not specifically discussed in that decision, impliedly the court held that judicial immunity does not apply to the negligent omission of the Clerk of Courts to perform a ministerial act.

There is no reason to apply judicial immunity to bar an action for negligence in the instant case. The Clerk was not carrying out a specific order of the court where judicial immunity would protect him from liability for the judicially mandated act. See *Lockhart* v. *Hoenstine* (C. A. 3, 1969), 411 F. 2d 455, and *Haldane* v. *Chagnon* (C. A. 9, 1965), 345 F. 2d 601. Nor is the instant case one in which discretion is involved where immunity may be granted on a public policy basis that a public official must be permitted freedom to perform his discretionary duties. See *Barr* v. *Matteo* (1959), 360 U. S. 564. In this case, as in the *Maddox* case, the fact that the Clerk of Courts is subject to possible civil liability tends to encourage proper performance of a statutorily prescribed ministerial duty rather than discouraging same; hence, a public policy argument does not support immunity.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the case is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.