BAKER et al., Appellants,

v.

COURT OF COMMON PLEAS OF CUYAHOGA COUNTY et al., Appellees.

[Cite as *Baker v. Cuyahoga Cty. Court of Common Pleas* (1989), 61 Ohio App.3d 59.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54968.

Decided Feb. 14, 1989.

60

*George W. Spittal* and *Matthew Gilmartin*, for appellants.

*Michael Pokorny* and *Colleen C. Cooney*, assistant prosecuting attorneys; *J. Norman Stark*, for appellees.

JOHN F. CORRIGAN, Judge.

The plaintiffs, husband and wife, appeal from an adverse judgment in their action against the defendant attorney for the fraudulent procurement of two certificates of judgment and for wrongful attachment. The plaintiffs also appeal the trial court's summary judgment dismissal of their claim against the Cuyahoga County Clerk of the Court of Common Pleas and two deputy clerks for the wrongful issuance of those certificates of judgment. They argue in four assignments of error that the trial court (a) submitted biased and confusing instructions to the jury, (b) "harassed" their counsel during his cross-examination of a witness, and (c) erred in granting the clerks' motion for

summary judgment. These contentions lack merit, so we affirm the trial court's judgment.

## I

The plaintiffs' failure to provide this court with a complete transcript of the trial limits our ability to fully recount the facts of this case. However, the following facts can be gleaned from the record.

In 1981, the plaintiffs retained the defendant attorney to defend them in an action filed against them by the contractor who had built their home. At the conclusion of that case, the plaintiffs refused to pay the attorney the fee that he had charged them. Consequently, on May 3, 1982, the attorney filed a complaint for his legal fees in the Cuyahoga County Court of Common Pleas. The attorney, in his prayer for relief, requested $18,719.70 plus interest for his fees and also requested attorney fees for prosecuting the action. The plaintiffs filed a counterclaim for malpractice against the defendant attorney. On April 26, 1983, the trial court granted summary judgment for the attorney on his claim for his fees. The trial court, in its judgment entry, stated: "Plaintiff's motion for summary judgment is granted. Final entry, costs to defendants."

Within the next two months the defendant applied to the clerk's office of Cuyahoga County Court of Common Pleas for two certificates of judgment, each in the amount of $18,719.70. Each of the defendant clerks processed one of these requests.

Because the trial court's judgment entry failed to state a specified award, the defendant clerks reviewed the pleadings in that case in order to verify the amount of the judgment. The clerks used the attorney's prayer for relief in his complaint as the basis for determining the trial court's award. After verifying the amount of the award in this manner, they issued certificates of judgment in the requested amount to the defendant attorney. The attorney in turn used those certificates to file judgment liens against the plaintiffs' property pursuant to R.C. 2329.02. He filed and executed these liens against the plaintiffs' residential property in Summit County and their bank accounts in Cuyahoga County.

In the meantime, the plaintiffs had filed an appeal in this court from the trial court's summary judgment in favor of the attorney. This court dismissed that appeal for lack of a final appealable order pursuant to Civ.R. 54(B). See *Stark v. Baker* (Jan. 26, 1984), Cuyahoga App. No. 46962, unreported, 1984 WL 7162. This court remanded the case for a determination of the plaintiffs' counterclaim.

On October 16, 1984, in response to the attorney's motion, the trial court amended its earlier summary judgment entry, *nunc pro tunc*, to show judgment in the amount of $18,719.70 plus interest of ten percent from March 31, 1982. However, the trial court, on February 8, 1985, vacated that judgment upon the plaintiffs' unopposed motion to vacate. The case then proceeded to trial where a jury found for the attorney on his claim for fees. The jury awarded him $3,000. The jury also found for the attorney on the plaintiffs' malpractice counterclaim.

Thereafter, the plaintiffs filed this action against the defendant attorney, claiming that he had filed a false application for a certificate of judgment and had wrongfully attached their property. They also named the court of common pleas, the clerk of courts, and the two deputy clerks as defendants, claiming the negligent or intentional issuance of false certificates of judgment. The defendant attorney filed a counterclaim against the plaintiffs, asserting malicious prosecution.

The trial court granted the county defendants' motion for summary judgment. The plaintiffs' remaining claim and the defendant attorney's counterclaim proceeded to trial. The jury found in favor of the defendant on both claims, awarding him $1 on his counterclaim. The plaintiffs now appeal.

## II

The plaintiffs, in their first and second assignments of error, claim that the trial court submitted confusing and biased instructions to the jury. However, the plaintiffs have failed to provide this court with a complete transcript of the trial court's charge. Because we lack a sufficient record with which to assess the plaintiffs' claims, we overrule their first and second assignments of error.

The appellant bears the burden of providing a record which demonstrates the claimed error. App.R. 9(B) and 10(A); *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565–566. " * * * It follows that where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. * * * " *Id.*

" * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385.

■ Here, the plaintiffs claim error in the trial court's instructions to the jury. However, the plaintiffs have provided this court with only selected excerpts of that charge. In order to determine whether a trial court's instruction to the jury constitutes reversible error, a reviewing court must consider that instruction in its entirety. *Sech v. Rogers* (1983), 6 Ohio St.3d 462, 464, 6 OBR 515, 517, 453 N.E.2d 705, 707. Without the complete charge, we cannot determine whether the excerpted instructions, which the plaintiffs claim are biased and ambiguous, are actually biased and ambiguous within the context of the entire charge. Nor can we determine whether the trial court cured what may have singularly been an erroneous instruction with prior or subsequent instructions.

■ In addition, a complete record of the evidence adduced at trial is generally necessary to determine whether a trial court properly instructed a jury. Cf. *Kushner v. Loew's Yorktown* (Nov. 6, 1980), Cuyahoga App. No. 41979, unreported. Here, the plaintiffs merely provided this court with the excerpted transcripts of the defendant attorney's and the chief deputy clerk's testimony. Nothing in the record indicates what portion of the evidence presented at trial these transcripts represent. The lack of a complete trial record precludes this court from determining whether the trial court's instructions fairly reflect the evidence.

Because the plaintiffs have failed to provide an adequate record which would enable us to review their claims, we overrule their first and second assignments of error.

### III

■ The plaintiffs, in their third assignment of error, assert that the trial court harassed and interfered with their counsel during his cross-examination of the county chief deputy clerk of courts.

The defendant attorney called the chief deputy clerk as an expert witness concerning the procedures followed by clerks of the court of common pleas. The witness testified that clerks, as a matter of common practice, review the pleadings for the requested relief to determine the amount of an award where a trial judge granted a final summary judgment without specifying that amount.

In the defendant attorney's action against the plaintiffs for his fees, he had also requested, in his complaint, additional attorney fees for the costs of that action. Apparently in order to undermine the deputy clerk's prior testimony, the plaintiffs' counsel on cross-examination questioned whether the court's clerks had actually calculated those attorney fees when the attorney applied for the certificates of judgment.

The deputy clerk answered that the defendant attorney had only requested, in his application for a certificate of judgment, the amount representing the past fees owed by the plaintiffs. He explained that because the attorney had not requested a certificate of judgment for the additional attorney fees, the clerks would not have issued one. He further explained that court clerks would not issue a certificate of judgment where the verification of the amount of the judgment required computation by the clerks. The trial court then sustained the defendant attorney's objections and instructed the plaintiffs' counsel to proceed to other matters when plaintiffs' counsel repetitiously sought to question the deputy clerk concerning these matters.

A court is entitled to exercise reasonable control over the examination of witnesses so as to avoid the needless consumption of time. Evid.R. 611(A). Here, the witness had clearly testified to the best of his personal knowledge. However, the plaintiffs' counsel continued to ask the same or similar questions. The "harassment" claimed by the plaintiffs was merely the trial court's proper sustenance of the defendant's objections to previously asked and answered questions and its admonition to move on to new matters.

The plaintiffs' contention lacks merit. Accordingly, we overrule their third assignment of error.

## IV

The plaintiffs, in their fourth assignment of error, assert that the trial court erred in granting summary judgment for the Cuyahoga County Clerk of Courts and the two deputy clerks of court. However, judicial immunity precludes the plaintiffs' common-law claim for the intentional or negligent issuance of a false certificate of judgment. Accordingly, the trial court correctly granted their summary judgment motion.

A judge is immune from civil liability for actions taken within his judicial capacity. *Kelly v. Whiting* (1985), 17 Ohio St.3d 91, 94, 17 OBR 213, 215, 477 N.E.2d 1123, 1127; *Wilson v. Neu* (1984), 12 Ohio St.3d 102, 104, 12 OBR 147, 148, 465 N.E.2d 854, 856; *Voll v. Steele* (1943), 141 Ohio St. 293, 302, 25 O.O. 424, 428, 47 N.E.2d 991, 995. This immunity extends to the clerks of a court of common pleas for actions taken in performance of the court's functions. *Kelly v. Whiting, supra* (Cuyahoga County Clerk of Courts immune from civil suit charging wrongful execution of a capias); see, generally, *Wholesale Elec. & Supply, Inc. v. Robusky* (1970), 22 Ohio St.2d 181, 51 O.O.2d 240, 258 N.E.2d 432, syllabus (ministerial officers of a court are immune from liability for any actions taken within the apparent authority of the court).

We recognize that other courts have held that a clerk of a court may be liable for the negligent performance of ministerial duties. See *Dalton v. Hysell* (1978), 56 Ohio App.2d 109, 10 O.O.3d 131, 381 N.E.2d 955; *Maddox v. Astro Investments* (1975), 45 Ohio App.2d 203, 74 O.O.2d 312, 343 N.E.2d 133. However, these cases conflict with the previously cited cases decided by the Supreme Court of Ohio and hence lack precedential value.

In this case, the defendant clerks acted within the scope of their duties as defined by statute. See R.C. 2303.08 (general duties of clerks of court of common pleas); R.C. 2329.02 (issuance of a certificate of judgment). Further, R.C. 2303.26 provides that in the performance of his duties, a clerk shall be under the direction of the court. Accordingly, the clerks were entitled to immunity from the plaintiffs' common-law claim against them.

The plaintiffs' contention is not well-taken. Accordingly, we overrule their fourth assignment of error and affirm the trial court's judgment.

*Judgment affirmed.*

JOHN V. CORRIGAN, J., concurs.

KRUPANSKY, J., concurs in judgment only.