TWINE, Appellant,

v.

**FRANKLIN COUNTY SHERIFF'S DEPARTMENT et al., Appellees.**

[Cite as *Twine v. Franklin Cty. Sheriff's Dept.* (1990), 68 Ohio App.3d 51.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1230.

Decided June 14, 1990.

*Rebecca Wright Twine, pro se.*

*Michael Miller*, Prosecuting Attorney, and *Mark E. Linder*, for appellees.

PEGGY BRYANT, Judge.

Plaintiff-appellant, Rebecca Wright Twine, M.D., appeals from a judgment of the Franklin County Court of Common Pleas granting a Civ.R. 12(B)(6) motion to dismiss in favor of defendants-appellees, Franklin County Sheriff's Department and David R. Hunt, Deputy Sheriff.

On June 20, 1989, plaintiff filed a complaint against defendants alleging that David R. Hunt, an employee of the Franklin County Sheriff's Department, had served and executed an invalid temporary order of detention upon plaintiff and that she had been damaged as a result of her unlawful detention at Harding Hospital. Plaintiff asserts several causes of action, including false arrest, false imprisonment, defamation of character, and violations of her civil and constitutional rights.

The trial court granted defendants' motion to dismiss, finding plaintiff's claims barred by the applicable statute of limitations. Plaintiff's appeal resolves itself in a single assignment of error: The trial court erred in finding that, as a matter of law, plaintiff had no cause of action.

The test for sustaining a motion to dismiss pursuant to Civ.R. 12(B)(6) is set forth in *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley v. Gibson*, 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80], followed.)"

Accordingly, a motion to dismiss based on the statute of limitations may not be granted when the complaint does not conclusively show on its face the action is barred thereby. *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147.

Because it does not appear conclusively on the face of plaintiff's complaint precisely when the plaintiff was served with the temporary order of detention, the trial court must have looked beyond the pleadings and into other material in order to determine the date plaintiff was served, that being the date from which the trial court applied the appropriate statute of limitations. Therefore, affirmance of the trial court's decision based on the statute of limitations is problematic. Nonetheless, this court affirms that decision based on the statutory immunity of the defendants.

In 1985, the Ohio legislature enacted R.C. Chapter 2744 dealing with the tort liability of political subdivisions and their employees. Although little reported authority exists interpreting the language of this lengthy statute in the context required by this case, this court recently undertook the task in *Blankenship v. Enright* (1990), 67 Ohio App.3d 303, 586 N.E.2d 1176.

The *Blankenship* case involved a suit against Thomas J. Enright, Clerk of the Franklin County Court of Common Pleas, and Franklin County, alleging that, due to defendants' negligence, plaintiff was wrongfully arrested and incarcerated. We held therein that under R.C. 2744.02, defendant, Franklin County, a political subdivision, was immune from liability for the negligent performance of a purely governmental function. We also held that defendant, Thomas J. Enright, as an employee of a political subdivision acting within the scope of his employment, was immune from liability under R.C. 2744.03(B).

In reaching that conclusion in *Blankenship*, we found that R.C. Chapter 2744 requires classification of the functions of a political subdivision as either

"governmental functions" or "proprietary functions" for the purposes of determining tort liability. However, under the statute, unlike common law, not all governmental functions are immune and not all proprietary functions are actionable.

■ Therefore, under R.C. Chapter 2744, as interpreted by *Blankenship, supra,* the threshold question in this case is whether the Franklin County Sheriff's Department was performing a "governmental" or "proprietary" function when it executed the temporary order of detention upon plaintiff. The statutory definitions of those mutually exclusive terms are set out in R.C. 2744.01(C) and 2744.01(G), respectively. Turning to the definition of governmental functions, R.C. 2744.01(C) states:

"(1) 'Governmental function' means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:

"(a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;

"(b) A function that is for the common good of all citizens of the state;

"(c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function."

By contrast, R.C. 2744.01(G)(1) provides in pertinent part:

" 'Proprietary function' means a function of a political subdivision that is specified in division (G)(2) of this section or that satisfies all of the following:

"(a) The function is not one described in division (C)(1)(a) or (b) of this section and is not one specified in division (C)(2) of this section;

"(b) The function is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons."

Subsection (G)(2) lists a number of functions which are considered proprietary:

"A 'proprietary function' includes, but is not limited to, the following:

"(a) The operation of a hospital by one or more political subdivisions;

"(b) The design, construction, reconstruction, renovation, repair, maintenance, and operation of a public cemetery other than a township cemetery;

"(c) The establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or

other transit company, an airport, and a municipal corporation water supply system;

"(d) The maintenance, destruction, operation, and upkeep of a sewer system;

"(e) The operation and control of a public stadium, auditorium, civic or social center, exhibition hall, arts and crafts center, band or orchestra, or off-street parking facility."

Although this list is not exclusive, operation of a county sheriff's office and service of orders of detention are markedly different from the functions listed therein. Since the service and execution of the temporary order of detention by defendant Franklin County Sheriff's Department is not a function "customarily engaged in by nongovernmental persons," it is not a proprietary function under that definition. Rather, under R.C. 2744.01(C)(1)(a), the function performed by defendants is governmental.

Further, finding no specific provisions in R.C. 2744.02 imposing liability upon a political subdivision for the negligent service and execution at process, we find that the defendant Franklin County Sheriff's Department is immune from liability. Accordingly, plaintiff has failed to state a claim upon which relief can be granted against defendant Franklin County Sheriff's Department.

For the purpose of determining the individual liability of defendant Hunt, we will assume that the temporary order of detention was, in fact, defective as alleged and that Hunt acted negligently in failing to detect the defects prior to service and execution. But, see, *Wholesale Elec. & Supply v. Robusky* (1970), 22 Ohio St.2d 181, 51 O.O.2d 240, 258 N.E.2d 432, syllabus (sheriff immune from liability for service and execution of a defective writ which appeared prima facie regular and to have been issued by a tribunal possessing judicial powers with apparent jurisdiction to issue the same).

This assumption notwithstanding, Hunt is immune from liability under R.C. 2744.03(A)(6), which provides in pertinent part:

"In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code."

Even the most favorable reading of plaintiff's complaint sounds in negligence only and makes no allegation that Hunt was acting outside the scope of his employment when he served the temporary order of detention.

Therefore, we hold that defendant Hunt is immune from liability, and plaintiff has failed to state a claim upon which relief can be granted against him.

By reason of the foregoing, plaintiff's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas, dismissing plaintiff's case for failure to state a claim upon which relief can be granted, is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and McCORMAC, JJ., concur.