FRANKLIN, Appellant,

v.

**CITY OF DAYTON PROBATION SERVICES DEPARTMENT**
**et al.; Owens, Clerk, Appellee.**

[Cite as *Franklin v. Dayton Probation Serv. Dept.* (1996), 109 Ohio App.3d 613.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15456.

Decided March 1, 1996.

*Barry S. Galen,* for appellant.

*Mark Defossez,* for defendant, Dayton Probation Services Department.

*Thomas R. Wolf,* for appellee, Mark Owens, Clerk, Dayton Municipal Court.

---

WOLFF, Judge.

Paul Franklin appeals from a judgment of the Montgomery County Court of Common Pleas which granted Mark Owens's motion for judgment on the pleadings.

Franklin was arrested in January 1993 pursuant to outstanding warrants issued by the city of Dayton. The warrants were issued for failure to pay fines related to Dayton Municipal Court case No. 91–TRC–704 and failure to complete community service related to case No. 91–CRB–7588. In fact, Franklin had paid the fines and completed the community service, but this information was not properly reported to the court, recorded in the case file, or recorded by the clerk's office. Franklin spent three days in jail as a result of his arrest. Franklin claims that he required hospitalization following his incarceration.

Franklin filed a complaint against Mark Owens, Clerk of the Dayton Municipal Court, among others, as a result of his incarceration. Franklin alleged that Owens was "negligent in his reckless and wonton [*sic*] failure" to record his payment of fines. Owens answered and filed a motion for judgment on the pleadings based upon his immunity as an employee of a political subdivision performing governmental functions. The trial court granted Owens's motion for judgment on the pleadings.

Franklin asserts two assignments of error on appeal. We will address these assignments together.

"I. The trial court erred in granting appellee's motion for judgment on the pleadings.

"II. The trial court erred in granting appellee's motion for judgment on the pleadings where appellee's conduct is specifically excepted from the cloak of immunity under O.R.C. 2744.03(A)(6)(b) and (c)."

Franklin argues that the trial court erred in finding that he had not pleaded a cause of action regarding Owens's liability for negligence based upon exceptions to the governmental immunity statute. Franklin also claims that R.C. 2744.02(B)(2) provides immunity for political subdivisions, but not their employees, so that he should have been allowed to sue Owens in his personal capacity despite the city of Dayton's immunity.

■ Initially, we note that Franklin's argument that he was entitled to sue Owens in his personal capacity is not well founded. Franklin's alleged cause of action against Owens was for negligent performance of the duties of the clerk of court. In his argument related to R.C. 2744.03(A)(6), Franklin implicitly concedes that Owens's alleged negligent actions were not outside the scope of his employment or official responsibilities because he does not argue that the exception set forth in R.C. 2744.03(A)(6)(a) applies. He also argues that Owens was liable because he breached statutory duties imposed upon the clerk of a municipal court pursuant to R.C. 2744.03(A)(6)(c). Therefore, Franklin could not sue Owens in any capacity other than his capacity as clerk. Moreover, the complaint did not put Owens on notice that Franklin intended to sue him in his personal capacity. For these reasons, we reject Franklin's argument that he could sue Owens in his personal capacity, and we will direct our discussion to whether Franklin pled sufficient facts to maintain a cause of action against Owens in his official capacity as clerk of court. In addition, we note that Owens's motion for judgment on the pleadings was the functional equivalent of a motion to dismiss for failure to state a claim upon which relief may be granted. Civ.R. 12(B)(6) and 12(C).

Under the common law, and subject to certain judicially created sovereign immunity, a political subdivision could be held liable for the negligent acts of its employees in the performance of their duties. The enactment of R.C. Chapter 2744, subject to delineated exceptions, abolished a political subdivision's liability for ministerial or governmental acts performed by employees. *Blankenship v. Enright* (1990), 67 Ohio App.3d 303, 311, 586 N.E.2d 1176, 1180. In similar fashion, it relieved employees of such liability as well. *Id.* at 311, 586 N.E.2d at 1180–1181.

R.C. 2744.02(A)(1) divides the functions of a political subdivision such as the city of Dayton into two classifications: governmental functions and proprietary functions. R.C. 2744.01(C)(1)(a) defines "governmental function" as one "that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement." Franklin concedes that the legislature imposed a duty upon Owens, as clerk of court, to record the payment of fines and withdrawal of capiases. See R.C. 1901.31(E), (F) and (G). Therefore, there is no dispute that Owens's alleged negligence occurred in the performance of a governmental, as opposed to a proprietary, function.

R.C. 2744.02(A)(1) provides:

"[A] political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

This general rule granting immunity to political subdivisions for their acts and those of their employees is subject to the exceptions enumerated in R.C. 2744.02(B), but none of those exceptions apply in this case.

An employee of a political subdivision may be stripped of his immunity in three specific instances set forth in R.C. 2744.03(A)(6)(a), (b) and (c). See *Blankenship, supra,* 67 Ohio App.3d at 309–310, 586 N.E.2d at 1180. An employee of a political subdivision may be stripped of his immunity if (a) "[h]is acts or omissions were manifestly outside the scope of his employment or official responsibilities; (b) [h]is acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [l]iability is expressly imposed upon the employee by a section of the Revised Code." R.C. 2744.03(A)(6)(a), (b) and (c).

 Franklin claims that Owens was liable for the alleged negligence pursuant to R.C. 2744.03(A)(6)(b) and (c). With regard to the exception set forth in R.C. 2744.03(A)(6)(b), Franklin claimed in his complaint that Owens's failure to properly record Franklin's payment of fines was reckless and wanton.

Civ.R. 8(A)(1) requires a complaint to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Civ.R. 9(B) permits "condition[s] of mind * * * [to] be averred generally." Franklin's complaint, although somewhat inartful, asserted that Owens failed to properly record and advise the municipal court that he had paid his fines, and that this failure was negligent, reckless and wanton. It may be difficult for Franklin to establish wanton or wilful conduct to the satisfaction of a factfinder, or even to withstand a motion for summary judgment directed to those conditions of mind. In our

judgment, however, the trial court erred in implicitly determining that Franklin had failed to *plead* a justiciable claim against Owens under R.C. 2744.03(A)(6)(b).

 With regard to the exception set forth in R.C. 2744.03(A)(6)(c), which the trial court did not address, Franklin contends that the legislature expressly imposed liability upon Owens as clerk of a municipal court through R.C. 1901.31(E), (F) and (G). These sections state, in pertinent part, that the clerk of the municipal court *shall* keep a book showing all receipts and disbursements, *shall* receive, collect, and issue receipts for all fines, and *shall* note all monies paid to the municipal court on the record of the case in which they are paid. Franklin contends that these provisions impose liability upon the clerk of court for failure to perform his duties, so as to remove his "cloak of immunity." Although R.C. 1901.31(E), (F) and (G) establish the duties of the clerk, they do not expressly create a cause of action for nonperformance or negligent performance of those duties, as contemplated by R.C. 2744.03(A)(6)(c). See *Blankenship, supra*, 67 Ohio App.3d at 312–313, 586 N.E.2d at 1180–1181; *McVetta v. Totin* (1990), 56 Ohio App.3d 87, 89–90, 564 N.E.2d 1143, 1145. A judgment on the pleadings adverse to Franklin on his R.C. 2744.03(A)(6)(c) claim would have been proper.

Because Franklin sufficiently pleaded a claim against Owens pursuant to R.C. 2744.03(A)(6)(b), the trial court's judgment on the pleadings was improper.

The first assignment of error is overruled and the second is sustained.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

FAIN, and GRADY, JJ., concur.