I respectfully dissent. I agree with the trial court`s finding that this low income loan program is proprietary and actionable. R.C.2744.02(B)(2) specifically confers liability on a city when its action is classified as proprietary. Here, the low income loan program is designed for a limited number of city residents and is customarily engaged in by non-governmental persons. See R.C. 2744.01(G)(1). This program is one that is performed by the city under no obligation to perform it.Blankenship v. Enright (1990), 67 Ohio App.3d 303, 586 N.E.2d 1176.
The program is for a limited few of the city's residents and not for the benefit of citizens of the entire city. Id. Accordingly, when a city reaches beyond its governmental status, the city should not be allowed to hide behind the immunity shield when it has acted negligently.
Additionally, I point out that to classify this case as an inspection case narrows the facts. The city acted way beyond the role it played inHughes v. City of Cleveland (May 9, 1996), Cuyahoga App. No. 68869, unreported.
Finally, I agree with the majority that not all proprietary functions are actionable; however, this one is.
I dissent.