OPINION
{¶ 1} Joseph M. Rieger appeals, pro se, from a judgment of the Montgomery County Court of Common Pleas, which dismissed his claim against the Montgomery County Clerk of Courts for defamation and for violation of a federal statute regarding the posting of protective *Page 2 
orders on the Internet.
 {¶ 2} For the following reasons, the judgment of the trial court will be affirmed.
 I {¶ 3} In 1998, with the advice of counsel, Rieger consented to a civil protection order ("CPO") requested by his former wife. The CPO remained in effect for five years. After the CPO expired, Rieger asked the trial court to seal the record of the CPO. The trial court denied Rieger's motion, and he appealed. In Rieger v. Rieger, 165 Ohio App.3d 454,2006-Ohio-482, 847 N.E.2d 9, we reversed the trial court's judgment and remanded the matter to the trial court for a hearing.
 {¶ 4} After a hearing, the trial court again denied Rieger's motion to seal the record, finding that there were no compelling and extraordinary reasons to justify sealing the consensual order. Rieger again appealed. We affirmed the judgment of the trial court. Rieger v. Rieger, Montgomery App. No. 21784, 2007-Ohio-2366.
 {¶ 5} On September 4, 2007, Rieger filed a defamation action against the Clerk of Courts for maintaining information about the CPO on its website. Rieger claimed that the website led the public to believe that he was "guilty of domestic violence and basically just a bad person." Rieger maintained throughout these proceedings that the Clerk of Courts' website prevented him from obtaining employment at his full potential because the CPO could be discovered in a background check. He sought $100,000 in damages, plus attorney fees and costs.
 {¶ 6} The Clerk of Courts filed a motion to dismiss, arguing that the Clerk had immunity from intentional tort claims under R.C. 2744.02, that the Clerk had judicial immunity *Page 3 
under R.C. 2744.03(A)(7), and that the Clerk had not violated a federal law cited by Rieger that protects the identity of those protectedby CPOs. While this motion was pending, Rieger filed a motion to disqualify the judge. The trial court overruled the motion to disqualify and sustained the Clerk's motion to dismiss Rieger's case. The court reasoned that Rieger had failed to establish an exception to the judicial immunity conferred on the Clerk of Courts and had failed to identify any legal reason why the order should not have been posted.
 II {¶ 7} Rieger's brief on appeal is repetitive, disrespectful, and disjointed. He has also failed to comply with App. R. 16, including the requirement that he set forth assignments of error. However, his two arguments seem to be that the judge was biased against him and that the trial court erred in concluding that he had failed to state a claim. We will address each of these arguments in turn.
 {¶ 8} Rieger claims that the trial judge should have disqualified himself because he was biased.
 {¶ 9} R.C. 2701.03 provides the exclusive remedy by which a litigant may claim that a judge of the court of common pleas is biased and should not preside in a case: such a motion must be filed in the Supreme Court and determined by the Chief Justice or his designee. State v. Brown
(Mar. 16, 2001), Montgomery App. No. 18293; State v. Frye (Dec. 12, 1997), Clark App. No. 98CA118. See, also, Article IV, Section 5(C) of the Ohio Constitution. Because only the Chief Justice or his designee may hear and decide a disqualification claim, a court of appeals is without authority to review the judgment of a trial court on a claim of bias or prejudice on the part of the judge. Beer v. Griffith (1978), 54 *Page 4 
Ohio St.2d 440, 441-42, 377 N.E.2d 775. There is no evidence that Rieger pursued a proper recusal request pursuant to R.C. 2701.03. Because we lack the authority to consider this issue, we must decline to rule on Rieger's argument that the judge was biased.
 III {¶ 10} The trial court also concluded that Rieger had failed to state a claim. This conclusion was based on the court's finding of judicial immunity and its determination that the Clerk had not violated Section 2265, Title 18, U.S. Code, which limits internet publication of certain domestic violence-related documents. The trial court was correct in both respects.
 {¶ 11} In plain language, Section 2265, Title 18, U.S. Code states that the government "shall not make available publicly on the Internet any information regarding the registration, filing of a petition for, or issuance of a protection order, restraining order or injunction * * * if such publication would be likely to publicly reveal the identity or location of the party protected under such order." It does not contain a sweeping prohibition on the posting of such orders on the Internet. Rieger was not protected by the order, did not allege facts to establish that the section was violated, and did not state any legitimate basis under the section to object to the Clerk's posting of the CPO on the Internet. Thus, the trial court properly concluded that Rieger had not stated a claim that the Clerk of Courts had violated Section 2265, Title 18, U.S. Code.
 {¶ 12} On the question of judicial immunity, Ohio courts have consistently held that clerks of court have absolute immunity in the performance of judicial functions. See Kelly v. Whiting (1985),17 Ohio St.3d 91, 94, 477 N.E.2d 1123; Blankenship v. Enright (1990), *Page 5 67 Ohio App.3d 303, 312, 586 N.E.2d 1176; Baker v. Court of Common Pleas ofCuyahoga County (1989), 61 Ohio App.3d 59, 64, 572 N.E.2d 155;Inghram v. City of Sheffield Lake (Mar. 7, 1996), Cuyahoga App. No. 69302. Judicial immunity is established in R.C. Chapter 2744, which provides that a "political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function." R.C. 2744.03(A)(1). The Clerk of Courts' office clearly acted in a judicial capacity in maintaining court records and making them available to the public. Accordingly, the trial court properly concluded that the Clerk was immune from liability arising from the posting of judicial records on the Internet. Rieger has not advanced any argument for an exception to this judicial immunity.
 {¶ 13} Rieger's arguments are without merit.
 IV {¶ 14} The judgment of the trial court will be affirmed.
DONOVAN, P.J., and GRADY, J., concur.
Copies mailed to:
Joseph Rieger Walter F. Ruf Hon. Michael L. Tucker *Page 1