CHANDLER, Justice,
dissenting:
¶ 15. I respectfully dissent. I would hold that the clerk’s failure to forward the warrant cancellation notice did not “arise out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature.” Miss.Code Ann. § 11 — 46—9(l)(a) (Rev. 2012). .Therefore it should not be afforded immunity under the Mississippi Tort Claims Act.
¶ 16. The clerk’s deposition testimony reflects the following questions and answers:
[[Image here]]
Q. And at that time the casé was remanded to the file?
A. Correct.
Q. And this was an oversight on your part that there was a warrant that needed to be cancelled?
A. Yes ... It was a long court day. I’m not sure. I mean the cases were combined together. I’m not sure why I cancelled one and didn’t cancel the other one. I just made a mistake.
Q. Now, you did this routinely without the judge telling you to do this, right, this procedure?
A. Yes.
Q. Just failed to do it on this occasion with this individual?
A. Yes.
Q. Even though you did do it with the other individuals involved in the case?
A. Yes.
¶ 17. The clerk was not in a position to exercise discretion or judgment in choosing whether or not to cancel the warrant. Rather, the clerk had a routine ministerial responsibility to cancel warrants for charges that had been remanded to the file.[31] Mississippi Code Section 11^16-9(l)(a) extends immunity to claims arising out of “administrative action or inaction of a legislative or judicial nature,” in addition to “legislative or judicial action or inac *1159 tion.” Miss.Code Ann. § ll-46-9(l)(a) (Rev.2012). One commentator has recognized that this section’s grant of immunity to claims arising out of “administrative action or inaction of a legislative or judicial nature” expands judicial immunity to the quasi-judicial and quasi-legislative acts of administrative agencies. Jim Fraiser, A Review of the Substantive Provisions of the Mississippi Governmental Immunity Act: Employees’ Individual Liability, Exemptions to Waiver of Immunity, Non-Jury Trial, and Limitation of Liability, 68 Miss. L.J. 703, 751-57 (1999). The Court of Appeals has held that the “administrative action” language embraces the clerical tasks of court officials and that, if these clerical tasks are judicial in nature, then they are covered by immunity. Smith v. City of Saltillo, 44 So.3d 438, 441 (Miss.Ct.App.2010). We also recognized this in Collins v. Tallahatchie County, 876 So.2d 284, 288 (Miss.2004), where we indicated that the acts of court staff could be considered “administrative action or inaction of a ... judicial nature.” Regardless of whether the act involved is performed by an administrative agency or by someone in an administrative position, such as a member of judicial or legislative staff, for immunity to apply under Section 11-46-9(l)(a), the act at issue must be judicial or legislative in nature. Miss.Code Ann. § ll-46-9(l)(a) (Rev.2012).
¶ 18. The analysis of whether judicial immunity applies, that is, whether the act at issue is “judicial in nature,” focuses on whether the act involves an element of judicial discretion and is not merely ministerial. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993) (stating that “when judicial immunity is extended to officials other than judges, it is because their judgments are ‘functional[ly] comparab[le]’ to those of judges — that is, because they, too, ‘exercise a discretionary judgment’ as a part of their function”) (quoting Imbler v. Pachtman, 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). As the trial court noted in its order denying summary judgment, state jurisdictions across the country (including those interpreting their respective state tort claims acts) have decided with relative uniformity that failure to cancel a warrant under similar factual circumstances to those we have here is ministerial in nature and not covered by immunity. See Franklin v. City of Dayton Probation Servs. Dep’t, 672 N.E.2d 1039 (Ohio Ct.App.1996); Pittman v. Lower Court Counseling, 110 Nev. 359, 871 P.2d 953 (1994), overruled on other grounds by Nunez v. City of North Las Vegas, 116 Nev. 535, 1 P.3d 959 (2000); Smith v. Lewis, 669 S.W.2d 558 (Mo.App.1983); Cook v. City of Topeka, 232 Kan. 334, 654 P.2d 953 (1982); Mauro v. Cnty. of Kittitas, 26 Wash.App. 538, 613 P.2d 195 (1980); Dalton v. Hysell, 56 Ohio App.2d 109, 381 N.E.2d 955 (1978), superseded by statute; Calhoun v. City of Providence, 120 R.I. 619, 390 A.2d 350 (1978); Connell v. Tooele City, 572 P.2d 697 (Utah 1977); Stine v. Shuttle, 134 Ind.App. 67, 186 N.E.2d 168 (1962).
¶ 19. In City of Bayou La Batre v. Robinson, 785 So.2d 1128 (Ala.2000), the city did not enjoy immunity where a judge faxed a warrant-cancellation notice wrong-side-up to a law enforcement agency. Id. at 1135. The notice was not received, resulting in an arrest that should not have occurred. Id. The Alabama Supreme Court stated:
While this court has held that magistrates and clerks of court are entitled to judicial immunity for their discretionary judicial acts ... clerks and magistrates should not enjoy the full benefit of judicial immunity when they are performing administrative tasks.
Id. at 1133.
¶ 20. The policy behind affording judicial immunity would not be served by af *1160 fording immunity here. The United States Supreme Court has stated:
This [judicial] immunity ... is for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.
Pierson v. Ray, 386 U.S. 547, 553-55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Here, no public-policy rationale exists to protect the independence of a deputy clerk in carrying out the routine procedural duty to generate and forward a warrant recall to the local authorities. The procedure does not involve an element of choice or judgment that must be made with independence. The clerk was not faced with the task of making a discretionary judgment call as to whether the warrant should be recalled. Rather, that determination was made by the judge in remanding the charges, and the clerk was merely tasked ■with the ministerial duty of generating and forwarding the warrant recall.
¶ 21. While duties imposed by law are easy to label as ministerial, I do not take the position that the common law has been so abrogated that a duty must be imposed by statute in order to be classified as ministerial. Rather, even in the absence of a statutory mandate, we can determine from an examination of the circumstances on the record whether the warrant recall procedure in this case belongs under the umbrella of a “judicial act or administrative act of a judicial nature.” In the similar case of Cook v. City of Topeka, 232 Kan. 334, 654 P.2d 953 (1982), in which the court noted that:
.... the clerk’s deposition outlines the procedure followed as to recall of warrants ... The clerk’s explanation as to why the plaintiffs warrant was not recalled was that “we had forgotten to call for it as we are supposed to”.... There is nothing in the record at this time indicating that the Clerk was acting under the express direction of the judge not to recall the warrant. All indications are that the recall was a routine duty of the clerk’s office which, through erroneous omission, was not done.
Id. at 960. That decision was made in the context of Kansas’ tort claims act and is parallel to the situation face today. The indication we have from the depositions is that the issuance of a warrant recall is a routine internal procedure done by the clerks without direction from the judge. The failure to do so here was simply an omission of a routine administrative task, not an administrative task of a judicial nature.
¶ 22. DeSoto County points to Smith v. City of Saltillo, 44 So.3d 438 (Miss.Ct.App.2010), to support its assertion that immunity should apply. In Saltillo, the Mississippi Court of Appeals held, without analysis, that a municipal clerk’s failure to forward a court abstract to the Mississippi Department of Public Safety was clearly “an administrative action or inaction of a legislative or judicial nature.” Id. at 441. DeSoto County argues that there is no rational distinction between a clerk failing to send an abstract to a state agency so that a suspended license could be reinstated and the defendant’s clerk failing to issue a warrant cancellation to the sheriff. I agree and would find that Saltillo was wrongly decided. A trial judge’s (or clerk’s) responsibility to send an abstract to the Department of Public Safety is an action mandated by statute. See Miss. Code Ann. § 63-11-37 (Rev.2013). The statutory mandate eliminates any element of discretion and makes the duty to forward the abstract ministerial and therefore exempt from immunity.
¶ 23. DeSoto County also points to Collins v. Tallahatchie Cnty., 876 So.2d 284 (Miss.2004), in which this Court found that *1161 both the issuance and service of a warrant are judicial in nature. Id. at 287. But the nature of executing and serving a warrant is distinguishable from failing to recall a warrant; the duty to recall a warrant is disconnected from the discretionary decision of whether the warrant should be recalled at all. Collins is distinguishable and should not control this case.
¶ 24. The majority’s position would allow the term “judicial nature” to embrace a myriad of merely clerical, ministerial acts triggered by a court order. That approach would expand the scope of immunity beyond what this court has ever held or the Legislature intended. On the facts of this case, the clerk’s inaction was merely administrative in nature, not an administrative act of a judicial nature, and it does not fall within Section 11 — 46—9(l)(a).
CONCLUSION
¶ 25. The trial court correctly found that immunity did not attach to the deputy clerk’s failure to recall T.D.’s warrant after the judge remanded T.D.’s charges to the file. The deposition testimony indicates that the warrant-recall procedure was a routine ministerial task not requiring the use of judgment or discretion and not directed by the judge as part of his judicial determination to remand the charges. Because I would affirm the trial court’s denial of the County’s motion for summary judgment and remand the case to the DeSoto County Circuit Court for further proceedings, I respectfully dissent.
RANDOLPH, P.J., KITCHENS AND KING, JJ., JOIN THIS OPINION.

. I acknowledge this Court's evolving treatment of discretionary functions under Section 11-46-9(1 )(d). See Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014), Boroujerdi v. City of Starkville, 158 So.3d 1106 (Miss.2015). However, that discretionary function analysis is not necessary to evaluate whether a claim “ads[es] out of a legislative or judicial action or inaction, or administrative action or inaction of legislative or judicial nature" under Section 11-46-9(1 )(a).