OPINION
Katie V. and Samuel Workman, plaintiffs-appellants, appeal a decision of the Franklin County Court of Common Pleas granting a motion for judgment on the pleadings pursuant to Civ.R. 12(C) in favor of defendants-appellees, the Franklin County Board of Commissioners ("commissioners"), Franklin County Sheriff James Karnes ("Sheriff Karnes"), Franklin County, and Deputy Sheriffs "John and Jane Doe."
On March 30, 1999, appellants filed a complaint against Franklin County, the commissioners, Sheriff Karnes, Deputy Sheriffs John and Jane Doe, Murray Guard, Inc., and Murray Guard employees John and Jane Doe (II). According to appellants' complaint, Alva E. Campbell, Jr., was transported to the Franklin County Courthouse on April 2, 1997, for a court appearance in the Franklin County Court of Common Pleas. Appellants alleged Campbell "was negligently and recklessly transported in a wheelchair by a single Deputy Sheriff without the use of any restraints." Appellants stated that Campbell escaped police custody after he attacked the deputy at the loading dock of the courthouse. Appellants further stated that Campbell stole a firearm from the deputy, carjacked a vehicle, and shot and killed the driver of that vehicle. See, also, State v. Campbell (2000), 90 Ohio St.3d 320.
Appellants stated that Campbell drove the stolen vehicle to the Great Southern Shopping Center located in Columbus, Ohio, where he abandoned the vehicle and forced his way into Katie Workman's vehicle. Campbell threatened Katie's life with the firearm, forced her from the driver's seat of the vehicle, and demanded the keys to the vehicle. Katie surrendered the keys to Campbell and was able to escape through the passenger side of the vehicle because Campbell had difficulties finding the correct key for the vehicle.
In their complaint, appellants claim Katie suffered physical pain, anxiety, mental distress, loss of enjoyment of life, and was unable to perform usual activities. Appellants also assert Katie incurred medical expenses due to the incident. Appellants further claim Samuel Workman lost the services, society, companionship and consortium of his wife, Katie. Appellants amended their complaint to include a cause of action based upon Section 1983, Title 42, U.S. Code ("Section 1983").
On September 5, 2000, a motion for judgment on the pleadings was filed by the commissioners and Sheriff Karnes with the trial court. The motion also stated that the arguments in the motion applied to Sheriff Deputies John and Jane Doe. The commissioners and Sheriff Karnes argued that appellants' complaint should be dismissed because it failed to state a claim upon which relief could be granted. On November 16, 2000, the trial court granted appellees' motion, finding the commissioners and Sheriff Karnes were immune from a civil suit as alleged by appellants. On November 28, 2000, appellants filed a notice of dismissal for Murray Guard, Inc. and Murray Guard employees John and Jane Doe (II). Also on that date, the trial court filed an entry which stated the following:
 In accordance with this Court's Decision Granting Defendants' Motion for Judgment on the Pleadings on Plaintiffs' Amended Complaint filed September 5, 2000 and Granting Defendants' Motion for Judgment on the Pleadings on Plaintiffs' Original Complaint, filed May 19, 2000, which Decision was filed on November 16, 2000, it is hereby ordered and adjudged that Defendants' above-referenced Motion be, and it hereby is, granted. Accordingly the Complaint against all Franklin County Defendants is hereby dismissed. (Emphasis sic.)
Appellants appeal this decision and present the following four assignments of error:
 I. THE TRIAL COURT ERRORED [sic] IN GRANTING JUDGMENT ON THE PLEADINGS IN FAVOR OF THE FRANKLIN COUNTY DEFENDANTS WHEN IT FAILED TO DRAW ALL REASONABLE INFERENCES IN FAVOR OF PLAINTIFFS.
 II. THE TRIAL COURT ERRORED [sic] BY DETERMINING THAT THE EXCEPTION TO GOVERNMENTAL IMMUNITY AS ALLOWED BY 2744.02 (B)(4) DOES NOT APPLY.
 III. THE TRIAL COURT ERRORED [sic] BY DETERMINING THAT THE PUBLIC DUTY RULE APPLIES.
 IV. THE TRIAL COURT ERRORED [sic] BY DETERMINING THAT NO SPECIAL RELATIONSHIP EXISTED BETWEEN PLAINITIFF AND THE FRANKLIN COUNTY DEFENDANTS AS REQUIRED UNDER 42 U.S.C. § 1983.
Appellants argue, generally, in their first assignment of error that the trial court erred when it granted judgment on the pleadings in favor of appellees. Appellants use their second, third, and fourth assignments of error to make specific arguments concerning why they believe the trial court erred when it granted judgment on the pleadings. We will first examine the arguments appellants present in their second, third, and fourth assignments of error and then address appellants' general argument in their first assignment of error.
Appellants argue in their second assignment of error that the trial court erred when it found appellees were immune from civil liability pursuant to R.C. 2744.02(B)(4). Since appellants' complaint involved several defendants, we will determine whether the trial court erred in its decision concerning R.C. 2744.02(B)(4) immunity with: (1) Deputy Sheriff John and Jane Doe; (2) Sheriff Karnes; (3) the commissioners; and (4) Franklin County.
Civ.R. 12(C) allows any party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial * * *." Entry of judgment pursuant to Civ.R. 12(C) is only appropriate where a court: (1) construes the material allegations in the complaint with all reasonable inferences to be drawn therefrom in favor of the nonmoving party as true; and (2) finds beyond doubt the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. Hester v. Dwivedi (2000), 89 Ohio St.3d 575, 577. "The trial court may only consider the statements contained in the pleadings and may not consider any evidentiary materials." Moore v. Rickenbacker (May 3, 2001), Franklin App. No. 00AP-1259, unreported, following Burnside v. Leimbach (1991), 71 Ohio App.3d 399.
 Civ.R. 8(A) provides for notice pleading and requires only (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. Thus, a plaintiff is not required to prove his or her case at the pleading stage and need only give reasonable notice of the claim. Miller v. Ameritech (June 5, 2001), Franklin App. No. 00AP-909, unreported. (Citations omitted.)
Therefore, we will discuss each defendant named in appellants' complaint and whether the allegations concerning that defendant in the complaint support a cause of action.[1]
According to appellants' complaint, "Sheriff Deputies John and Jane Doe(s) I are agents and employees of * * * Sheriff Karnes, and at all times relevant herein were acting within the scope of their employment." Appellants claim that "Campbell was negligently and recklessly transported in a wheelchair by a single Deputy Sheriff without the use of any restraints" leading to his escape. Appellants also generally assert that appellees "knew, or on the exercise of reasonable care, should have known that Campbell was a violent and dangerous offender with an extensive prior record and, as such was a very great risk to escape."
R.C. 2744.03(A)(6) states that an employee of a political subdivision is immune from liability unless one of the following applies:[2]
 (a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;
 (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 (c) Liability is expressly imposed upon the employee by a section of the Revised Code.
In the present case there is no question concerning whether Deputy Sheriff John or Jane Doe ("deputy") was acting within the scope of his or her employment because appellants' complaint states that the deputy was "at all times relevant herein acting within the scope of [his or her] employment." Appellants do not claim that liability is expressly imposed upon the deputy under another section of the Revised Code. However, appellants allege that Campbell was "recklessly transported" and that appellees "knew, or on the exercise of reasonable care, should have known that Campbell was a violent and dangerous offender with an extensive prior record and, as such was a very great risk to escape."
Construing these allegations with all reasonable inferences to be drawn therefrom in favor of appellants as true, a factual scenario could be composed demonstrating that the deputy was reckless, and therefore, is not entitled to immunity pursuant to R.C. 2744.03(A)(6). For example, the deputy could have been reckless if he or she knew that Campbell "was a violent and dangerous offender with an extensive prior record and, as such was a very great risk to escape" and still decided to transport Campbell without proper restraints.
 "Malice" refers to the willful and intentional design to do injury. * * * "Bad Faith" involves a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. "Wanton" or "reckless" conduct is the failure to exercise any care whatsoever. * * * Mere negligence is not wanton misconduct unless the evidence establishes the actor was conscious that his conduct would, in all likelihood, result in an injury. Scott v. City of Columbus (Mar. 30, 2001), Franklin App. No. 00AP-689, unreported. (Citations omitted.)
Considering the standard of review of pleadings in Ohio, we find that appellants sufficiently stated in their complaint an allegation that the deputy was reckless pursuant to the requirements of Civ.R. 8(A). Therefore, we hold that the trial court erred when it dismissed the deputy as a defendant pursuant to Civ.R. 12(C).
Concerning Sheriff Karnes, appellants do not allege in their complaint that Sheriff Karnes was directly involved in Campbell's escape. The only reference given regarding Sheriff Karnes' role is the statement that the attack on Workman by Campbell "was the direct and foreseeable result of the negligence of Defendant Franklin County Sheriff." The complaint also states "Sheriff Jim Karnes, is sued in his official capacity as sheriff of Franklin County, Ohio." Sheriff Karnes, as an employee of Franklin County, may also be entitled to the immunity protections afforded by R.C. 2744.03(A)(6). Although appellants claim Sheriff Karnes was negligent, "[m]ere negligence is not wanton misconduct unless the evidence establishes the actor was conscious that his conduct would, in all likelihood, result in an injury." Scott, supra. A review of appellants' complaint shows they failed to allege any reasonable facts that would demonstrate Sheriff Karnes' "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." Id. supra. Accordingly, we find Sheriff Karnes is immune from liability pursuant to R.C. 2744.03(A)(6).
Appellants also named the Franklin County commissioners as defendants, stating that they are "being sued in their official capacities as Commissioners of Franklin County, Ohio." However, they are also immune from liability pursuant to R.C. 2744.03(A)(6) for the same reasons as stated above for Sheriff Karnes.
Concerning the potential liability of Franklin County, a different analysis is necessary. Franklin County is a political subdivision pursuant to R.C. 2744.01(F). For purposes of R.C. Chapter 2744, the functions of a political subdivision are classified as either governmental functions or proprietary functions. R.C. 2744.02(A)(1). Governmental functions include the "provision or nonprovision of police * * * services or protection," "power to preserve the peace," and the "enforcement or nonperformance of any law." R.C. 2744.01(C)(2)(a), (b), and (i). The transportation of prisoners is considered a governmental function because it "can only be regarded as a duty of enforcing laws" and is "directly related to preserving the peace, protecting life and property, and enforcing the law." Cleveland Police Patrolmen's Assn. v. Cleveland (1997), 118 Ohio App.3d 584, 588.
A governmental function is also a function "that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons." R.C. 2744.01(C)(1)(c). The transportation of prisoners to a county courthouse is not characterized as an activity customarily engaged in by nongovernmental persons. See, also, Twine v. Franklin Cty. Sheriff's Dept. (1990), 68 Ohio App.3d 51, 54-55. Accordingly, we find that the transportation of Campbell to the Franklin County Courthouse by employees of Franklin County was a governmental function as defined under R.C. 2744.01(C).
R.C. 2744.02(A)(1) states that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." While R.C. 2744.02(A)(1) provides broad immunity to acts in connection with governmental and proprietary functions, R.C. 2744.02(B) provides:
 Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function * * *.
R.C. 2744.02(B)(1) through (5) thereafter provides the exceptions to the broad immunity granted to political subdivisions in R.C. 2744.02(A)(1). Kiep v. City of Hamilton (May 19, 1997), Butler App. No. CA96-08-158, unreported.
Considering the fact that the employees of Franklin County were engaged in a governmental function, the only exception that could apply to the present case is contained in R.C. 2744.02(B)(4), which states:
 Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.
The current version of R.C. 2744.02(B)(4) includes the phrase "due to physical defects within or on the grounds" when describing what type of negligence must occur for liability. The trial court stated in its opinion "[b]ecause [appellants'] claims do not involve `physical defects' of government buildings, O.R.C. 2744.02(B)(4)'s exception to immunity does not apply." Appellants argue that the trial court incorrectly interpreted former R.C. 2744.02(B)(4) by finding that it required the injury, death, or loss to be related to a physical defect of a government building.
It is true that the current version's addition of the phrase "due to physical defects within or on the grounds" does not apply to the present case. However, we have held that R.C. 2744.02(B)(4) "applies only to the maintenance of government property." Hayes v. Hannon (June 15, 2000), Franklin App. No. 99AP-968, unreported. We reached this conclusion while also stating that "the amendments to R.C. 2744.02(B)(4) by Am.Sub.H.B. 350 [the Tort Reform Act] play[ed] no part in our analysis." Id. Other districts have similarly held that the exception to immunity found in former R.C. 2744.02(B)(4) applies only to the maintenance of government property. See, also, Doe v. Jefferson Area Local School Dist. (1994),97 Ohio App.3d 11, 13; Hubbard v. Canton City School Bd. of Edn. (Mar. 30, 2001), Stark App. No. 2000CA00313, unreported; Jolly v. City of Cleveland (Mar. 12, 1998), Cuyahoga App. No. 72973, unreported.
In Harrison v. Franklin Cty. Sheriff's Dept. (Dec. 12, 2000), Franklin App. No. 00AP-240, unreported, we addressed whether the maintenance of the courthouse prisoner loading area where Campbell escaped was an issue related to R.C. 2744.02(B)(4). In Harrison, the deputy appealed a decision of the Franklin County Court of Common Pleas concerning the civil case against the Franklin County Sheriff's Department for injuries the deputy sustained from Campbell's escape while Campbell was in the deputy's custody. Regarding R.C. 2744.02(B)(4), we stated:
 The allegations of negligence in this case do, in part, relate to the condition of the building. There is a genuine issue of fact about the failure to maintain a secure sallyport for the loading and unloading of wheelchair bound prisoners. The place utilized for that purpose was the general purpose loading dock beneath the courthouse complex, a section of the building not part of the jail itself. Id.
Based upon the reasoning in the Harrison case, we find that there is a set of facts that demonstrate Franklin County could be held liable for the escape of Campbell pursuant to R.C. 2744.02(B)(4), due to the condition of the building. We do not agree with appellees' argument that Franklin County should be immune pursuant to R.C. 2744.02(B)(4) because the prisoner loading area should be considered a jail or "other detention facility" as defined in R.C. 2921.01. Additionally, we find that this set of facts could show that the negligence of Franklin County's employees occurring within or on the grounds of the courthouse was one of the causes of the alleged injuries to appellant.
Since we have found the exception contained in R.C. 2744.02(B)(4) applies, we must next determine as the third step of the analysis whether immunity should be reinstated pursuant to R.C. 2744.03. Cater v. Cleveland (1998), 83 Ohio St.3d 24. R.C. 2744.03(A)(5) states:
 The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
"R.C. 2744.03(A)(5) immunity extends only to the `exercise of judgment or discretion' of a political subdivision as defined by R.C. 2744.01(F) and not to the actions of employees of the political subdivision." Kiep, supra. See, also, Wamsley v. Village of West Jefferson (2000),139 Ohio App.3d 170, 174. R.C. 2744.01(F) provides the definition of a political subdivision as follows:
 "Political subdivision" or "subdivision" means a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state. "Political subdivision" includes, but is not limited to, a county hospital commission, regional planning commission, county planning commission, joint planning council, interstate regional planning commission, port authority, regional council, emergency planning district and joint emergency planning district, joint emergency medical services district, fire and ambulance district, joint interstate emergency planning district, county solid waste management district and joint solid waste management district. (References to code sections defining each agency have been omitted.)
In the present case, it is unclear whether the decisions concerning the method and maintenance of the loading and unloading of prisoners was a decision by a "political subdivision" or by an employee of a political subdivision. Therefore, we cannot conclude that Franklin County is immune to liability pursuant to R.C. 2744.03(A)(5).
Accordingly, after construing the material allegations in the complaint with all reasonable inferences to be drawn therefrom in favor of appellants as true, we find that appellants could prove a set of facts that would entitle them to relief. Appellants could show that their injuries were the result of negligence of an employee, that such negligence occurred within or on the grounds and even that it was due to physical defects to the courthouse building pursuant to R.C. 2744.02(B)(4). Additionally, appellants could show that the defects were the result of the exercise of judgment or discretion by a political subdivision in a wanton or reckless manner pursuant to R.C. 2744.03(A)(5). Appellants' second assignment of error is sustained in part and overruled in part.
Appellants argue in their third assignment of error the trial court erred in determining that the "public duty rule" barred appellants' claims. We agree. In Franklin v. Columbus (1998), 130 Ohio App.3d 53, we found the passage of the Ohio Political Subdivision Tort Liability Act "abrogated the common-law public duty rule and its corresponding special duty exception in the context of political subdivision liability." Id. at 59. See, also, Markowitz v. Dept. of Ins. (June 7, 2001), Franklin App. No. 00AP-1300, unreported, fn. 2. Therefore, appellants' third assignment of error is sustained.
Appellants argue in their fourth assignment of error that the trial court erred when it determined that no special relationship existed between the parties to create an action pursuant to Section 1983. Appellants asserted in their complaint that appellees are civilly liable for their actions pursuant to Section 1983.
Section 1983 "provides a remedy to those persons whose federal rights have been violated by government officials." Gubanc v. Warren (1998),130 Ohio App.3d 714, 718. The immunities found within R.C. Chapter 2744 do not apply to Section 1983 actions because that chapter does not apply to "[c]ivil claims based upon alleged violations of the constitution or statutes of the United States." R.C. 2744.09(E).
The difficulty with appellants asserting a Section 1983 claim is the need for them to assert a federal right that had been violated by appellees. Appellants did not specify in their complaint or their appellate brief what federal right appellees violated. Appellants simply stated that appellees' actions allowed Campbell to escape, which eventually led to appellants' alleged injuries.
In Bowers v. Devito (C.A.7, 1982), 686 F.2d 616, a case with similar facts to the present case, a woman was murdered by a man released from a psychiatric hospital. The man had been found to be suffering from schizophrenia and had previously murdered a young woman. The woman's estate asserted a Section 1983 claim against the state, arguing that the victim's civil rights had been violated because of the release of the offender. The federal appellate court dismissed the complaint stating:
 Section 1983 imposes liability on anyone who under color of state law "subjects any citizen or other person to the deprivation of any rights, privileges, or immunities secured by the Constitution," and thus applies only if there is a deprivation of a constitutional right. * * * There is a constitutional right not to be murdered by a state officer, for the state violates the Fourteenth Amendment when its officer, acting under color of state law, deprives a person of life without due process of law. * * * But there is no constitutional right to be protected by the state against being murdered by criminals or madmen. It is monstrous if the state fails to protect its residents against such predators but it does not violate the due process clause of the Fourteenth Amendment or, we suppose, any other provision of the Constitution. The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order. Discrimination in providing protection against private violence could of course violate the equal protection clause of the Fourteenth Amendment. But that is not alleged here. All that is alleged is a failure to protect Miss Bowers and others like her from a dangerous madman, and as the State of Illinois has no federal constitutional duty to provide such protection its failure to do so is not actionable under section 1983.
* * *
 [T]he only duties of care that may be enforced in suits under section 1983 are duties founded on the Constitution or laws of the United States; and the duty to protect the public from dangerous madmen is not among them. Id. at 618-619. (Citations omitted.)
The reasoning provided by the United States Seventh Circuit Court of Appeals in Bowers is instructive and applicable to the present case. While it is expected that Franklin County will protect its citizens from dangerous individuals such as Campbell, the "private violence" inflicted on the victim in this case does not create an actionable claim under Section 1983 against appellees. The alleged damages inflicted by Campbell did not occur under color of state law and Campbell is the person who is ultimately responsible for his actions. Accordingly, we find appellants do not have a cause of action under Section 1983 because they failed to inform the trial court in their complaint of what federal right appellees violated and we are unable to find a federal right that would support appellants' cause of action against appellees. Appellants' fourth assignment of error is overruled.
After having reviewed appellants' complaint, construing the material allegations in the complaint, with all reasonable inferences to be drawn therefrom in favor of appellants as true, we find that appellants could prove a set of facts to support their claims against the deputy and Franklin County that would entitle them to relief. Therefore, we hold that the trial court erred in dismissing appellants' entire complaint. However, we also find that appellants could prove no set of facts to support their claims against Sheriff Karnes, the commission, and their Section 1983 claim against Franklin County. Appellants' first assignment of error is sustained in part and overruled in part.
Accordingly, appellants' first and second assignments of error are sustained in part and overruled in part, appellants' third assignment of error is sustained, and appellants' fourth assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this case is remanded to that court for further proceedings consistent with this opinion.
 ______________________ BROWN, J.
TYACK, J., and BRYANT, P.J., concur.
[1] We will not discuss the liability of Murray Guard, Inc. and Murray Guard employees John and Jane Doe (II) because appellants voluntarily dismissed them with prejudice on November 28, 2000.
[2] We note that former R.C. Chapter 2744 applies to the present case because the incident occurred on April 2, 1997, and the current version of R.C. Chapter 2744 was effective June 30, 1997. Am.Sub.H.B. 350 also called the "Tort Reform Act" effective January 27, 1997, does not apply to the present case pursuant to State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, which held that "Am.Sub.H.B. No. 350 [the Tort Reform Act] violates the one-subject provision of Section 15(D), Article II of the Ohio Constitution, and is unconstitutional in toto." Id. at paragraph three of the syllabus.