DICKINSON, Presiding Justice,
for the Court:
¶ 1. The sole question presented in this interlocutory appeal is whether a DeSoto County justice court clerk’s negligence in failing to cancel an arrest warrant subjects the county to a tort lawsuit. We hold that, for the negligent act complained of in this case, the county has immunity under the Mississippi Tort Claims Act. So we reverse the trial court’s failure to grant summary judgment, and we render a judgment in DeSoto County’s favor.
FACTS AND PROCEDURAL HISTORY
¶2. The facts necessary to decide this case are undisputed. A domestic dispute led a justice court judge to issue an arrest warrant for T.D., and then cancel the warrant after she complied with the judge’s order to attend an anger-management course. However, because the justice court clerk failed to send a cancellation notice to the local sheriffs office, DeSoto County deputies later arrested T.D. and held her in jail until they discovered the mistake.
¶ 3. The plaintiffs sued DeSoto County for the clerk’s negligence. DeSoto County moved for summary judgment, claiming immunity under the Mississippi Tort Claims Act. The circuit judge denied that motion. DeSoto County appealed.
ANALYSIS
¶ 4. “Sovereign immunity” — which refers to a “government’s immunity from being sued in its own courts without its consent”[1] — originated in the common law of England,[2] and was carried over as the law in most states following the American Revolution.[3] Some states have retained com *1156 mon-law sovereign immunity.[4] Others, including Mississippi, have supplanted the common law with statutes that have established the legislative branch’s views of the appropriate limits and protections of sovereign immunity.[5]
¶ 5. In 1984, the Mississippi Legislature enacted the Mississippi Tort Claims Act[6] which, after declaring that the State and its political subdivisions enjoy common-law immunity, waives its immunity.[7]' Then, having generally waived common-law sovereign immunity, the Tort Claims Act grants statutory immunity to governmental entities and their employees for specifically defined conduct.[8] One of those specific grants of statutory immunity states:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
(a) Arising out of a ... judicial action or inaction, or administrative action or inaction of a ... judicial nature.... [9]
The circuit judge found that, under the undisputed facts of this case, DeSoto County did not enjoy immunity. We disagree.
¶ 6. We review matters of statutory interpretation de novo,[10] and our function “is not to decide what a statute should provide, but to determine what it does provide.” [11] Our constitutional duty is to “interpret statutes according to their clear meaning,”[12] and we must “apply the plain meaning of unambiguous statutes.”[13]
¶ 7. Section 11-46-9 grants immunity to DeSoto County if: (1) its justice court clerk was “acting within the course and scope of [her] employment or duties” (there is no dispute that she was), and (2) the claim arises “out of a ... judicial action or inaction, or administrative action or inaction of a ... judicial nature-”[14] We find that the Legislature could not have chosen language that more precisely and clearly provides immunity to the clerk. The statute uses no words of limitation. It provides immunity for all claims that arise from any “judicial action or inaction, or administrative ... inaction of a ... judicial nature ...”[15]
¶ 8. This claim arises from both a judicial action and an administrative inaction of a judicial nature. Once the parties appeared, the justice court judge should not have left the arrest warrant outstanding. *1157 Then, after the parties complied with the judge’s instructions and he remanded the charges, the clerk should have notified the local sheriffs office that the warrants were cancelled. So the authority to cancel the warrant lay with the judge. And the clerk had an administrative duty to issue notice of the cancelled warrant — clearly an act of a “judicial nature” — which related to and derived from the judge’s decision. Black’s Law Dictionary defines “judicial” as “[o]f, relating to, or by the court or a judge.”[16] So, clearly, the clerk’s administrative duty was judicial in nature and is within the purview of Section ll-46-9(l)(a).
¶ 9. The circuit judge found that other jurisdictions do not supply immunity to clerks under similar circumstances. But where our statutes are clear, we do not look to other states’ interpretations of their own statutes.[17] Nevertheless, we note that other jurisdictions that have found similar acts were not immune were applying law that is different from our Tort Claims Act.
¶ 10. For instance, in City of Bayou La Batre v. Robinson, the Alabama Supreme Court applied common-law judicial immunity, rather than statutory provisions similar to those found in our Tort Claims Act.[18] The same is true of Mauro v. County of Kittitas,[19] Connell v. Tooele City,[20] Pierson v. Ray,[21] Stine v. Shuttle,[22] Calhoun v. City of Providence,[23] and Dalton v. Hysell.[24] In fact, in Blankenship v. Enright the Ohio Court of Appeals recognized that Dalton’s holding that a clerk enjoyed no immunity had been superseded because Ohio had enacted an immunity statute.[25]
¶ 11. And in Franklin v. Dayton Probation Services Department, the Court of Appeals of Ohio found that a municipal clerk’s action was not immune because it fell within a reckless and wanton exception to immunity, a provision that is not at issue here.[26] In Pittman v. Lower Court Counseling, the Nevada Supreme Court applied a statute that granted immunity for discretionary acts, not judicial actions.[27] In Smith v. Lewis, the Missouri Court of Appeals applied common-law immunity.[28]
¶ 12. Here, DeSoto County claims statutory judicial-action immunity under the Mississippi Tort Claims Act.[29] It claims neither common-law nor discretionary- *1158 function immunity.[30] Were we applying common-law immunity, we would be free to limit that immunity. But the Legislature removed our discretion with the Mississippi Tort Claims Act. And, under the plain language of Section ll-46-9(l)(a), DeSoto County enjoys immunity for the clerk’s negligence in this case.
CONCLUSION
¶ 13. Because the Mississippi Tort Claims act provides’ immunity for the clerk’s failure to issue notice of the can-celled warrant, we reverse the circuit judge’s denial of DeSoto County’s motion for summary judgment and render judgment in the county’s favor.
¶ 14. REVERSED AND RENDERED.
WALLER, C.J., LAMAR, PIERCE AND COLEMAN, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P. J., KITCHENS AND KING, JJ.

. Black’s Law Dictionary 818 (9th ed.2009).

. See Nixon v. Fitzgerald, 457 U.S. 731, 767, 102 S.Ct. 2690, 2710, 73 L.Ed.2d 349 (1982) (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949) (recognizing that the old notion that the "King can do no wrong” still applies in the realm of sovereign immunity)).

.See Hans v. Louisiana, 134 U.S. 1, 13, 10 S.Ct. 504, 506, 33 L.Ed. 842 (1890) (quoting Alexander Hamilton, The Federalist No. 81) *1156 (“[Sovereign immunity] is the general sense and the general practice of mankind; and the exemption, as one of the attributes of sovereignty, is now enjoyed by the government of every state in the Union.”).

. See, e.g., City of Houston v. Williams, 353 S.W.3d 128, 134 (Tex.2011).

. See, e.g., Miss.Code Ann. §§ 11-46-1 to 11-46-23 (Rev.2012).

. Miss.Code Ann. §§ 11-46-1 to 11-46-23.

. Miss.Code Ann. § 11-46-5.

. Miss.Code Ann. § 11-46-9.

. Miss.Code Ann. § 11-46-9(1 )(a).

. Franklin Collection Serv., Inc. v. Kyle, 955 So.2d 284, 287 (Miss.2007) (quoting Wallace v. Town of Raleigh, 815 So.2d 1203, 1206 (Miss.2002)).

. Miss. Dep’t of Revenue v. Miss. Power Co., 144 So.3d 155, 162 (Miss.2014) (quoting Lawson v. Honeywell Int’l, Inc., 75 So.3d 1024, 1027 (Miss.2011)).

. Warren v. Johnston, 908 So.2d 744, 748 (Miss.2005).

. Ameristar Casino Vicksburg, Inc. v. Duckworth, 990 So.2d 758, 760 (Miss.2008) (citing Richmond v. City of Corinth, 816 So.2d 373, 377-78 (Miss.2002)).

. Miss.Code Ann. § ll-46~9(l)(a).

. Id. (emphasis added).

. Black's Law Dictionary 992 (9th ed.2009).

. Lewis v. Hinds Cnty. Circuit Court, 158 So.3d 1117, 1121-22 (Miss.2015).

. City of Bayou La Batre v. Robinson, 785 So.2d 1128, 1131-33 (Ala.2000).

. Mauro v. Cnty. of Kittitas, 26 Wash.App. 538, 613 P.2d 195, 196 (1980).

. Connell v. Tooele City, 572 P.2d 697, 698-99 (Utah 1977).

. Pierson v. Ray, 386 U.S. 547, 553-55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

. Stine v. Shuttle, 134 Ind.App. 67, 186 N.E.2d 168, 173 (1962);

. Calhoun v. City of Providence, 120 R.I. 619, 390 A.2d 350, 356-57 (1978);

. Dalton v. Hysell, 56 Ohio App.2d 109, 381 N.E.2d 955, 956 (1978), superceded by statute.

. Blankenship v. Enright, 67 Ohio App.3d 303, 586 N.E.2d 1176, 1181 (1990).

. Franklin v. Dayton Probation Servs. Dep’t, 109 Ohio App.3d 613, 672 N.E.2d 1039, 1041-42 (1996).

. Pittman v. Lower Court Counseling, 110 Nev. 359, 871 P.2d 953 (1994), overruled on other grounds by Nunez v. City of North Las Vegas, 116 Nev. 535, 1 P.3d 959, 960 (2000).

. Smith v. Lewis, 669 S.W.2d 558, 563 (Mo.App.1983).

. Miss.Code Ann. § 1 l-46-9(l)(a).

. Miss.Code Ann. § 1 l-46-9(l)(d).