# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60034
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2015

Lyle W. Cayce
Clerk

JOSEPH EDWARD PARKER,

     Plaintiff - Appellant

v.

LEAF RIVER CELLULOSE, L.L.C.,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:14-CV-9

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In this case, we are called upon to remedy the Mississippi legislature's alleged drafting oversight. We decline the invitation and instead apply the statute as written.

Plaintiff–Appellant Joseph Edward Parker was an employee of Defendant–Appellee Leaf River Cellulose, LLC ("Leaf River") from 2008 until

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60034

2013.  On December 13, 2013, Leaf River terminated Parker's employment because, contrary to company policy, Parker parked his vehicle in the company parking lot with a firearm locked inside.

Under Mississippi law, with exceptions not pertinent here, a "private employer may not establish, maintain, or enforce any policy or rule that has the effect of prohibiting a person from transporting or storing a firearm in a locked vehicle in any parking lot, parking garage, or other designated parking area."  Miss. Code. Ann. § 45-9-55(1).

Leaf River allegedly violated this law.  Based on this alleged violation of the law, Parker brought this diversity action seeking damages in excess of $75,000.

The same statute Leaf River allegedly violated further provides that a "private employer shall not be liable in a civil action for damages resulting from or arising out of an occurrence involving the transportation, storage, possession or use of a firearm covered by this section."  Miss. Code. Ann. § 45-9-55(5).  Based on this provision, Leaf River filed a motion to dismiss, which the district court granted.  The issue is whether a damages claim is available to Parker.  Applying the law as written, we find no such remedy available.

"The district court's dismissal for failure to state a claim is reviewed de novo."  *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 450 (5th Cir. 2013).  We must determine whether the allegations, taken as true and viewed in the light most favorable to the plaintiff, "state a claim for relief that is plausible on its face."  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)).

This case presents a pure question of statutory interpretation.  Because we are construing a Mississippi statute, we must adhere to the interpretive methods of Mississippi courts.  *See Boatner v. Atlanta Speciality Ins. Co.*, 115 F.3d 1248, 1255 (5th Cir. 1997).  Where statutory text is plain and

2

unambiguous, Mississippi courts disclaim any interpretive role. *See Pat Harrison Waterway Dist. v. Cnty. of Lamar*, No. 2013-CA-01535-SCT, 2015 WL 1249679, at *10 (Miss. Mar. 19, 2015) ("Before we engage in statutory interpretation, we look to the statute to determine whether interpretation is necessary, that is, whether the language is plain, unambiguous, and in need of no interpretation."); *Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid*, 21 So.3d 600, 607 (Miss. 2009) ("This Court will not engage in statutory interpretation if a statute is plain and unambiguous."). Further, the Mississippi Supreme Court has very recently reiterated that its "function is not to decide what a statute should provide, but to determine what it does provide," its "constitutional duty is to interpret statutes according to their clear meaning," and its obligation is to "apply the plain meaning of unambiguous statutes." *DeSoto Cnty. v. T.D.*, 160 So.3d 1154, 1156 (Miss. 2015) (internal quotations and citations omitted).

The Mississippi legislature has decided that employers "shall not be liable in a civil action for damages resulting from or arising out of an occurrence involving the transportation, storage, possession or use of a firearm covered by this section." Miss. Code. Ann. § 45-9-55(5). We find this provision plain, unambiguous, and applicable. This is a "civil action for damages" that, as alleged, results from and arises out of Parker's transportation and storage of a firearm as contemplated by section 45-9-55(1). Accordingly, Leaf River cannot be held liable for civil damages and the case must be dismissed.

Parker does not argue that this civil action for damages does not arise from his transportation and storage of a firearm. Rather, he argues that the statue does not mean quite what it says. We do not quibble with Parker's contention that section 45-9-55 must be read and interpreted as a whole. *See e.g.*, *Lawson v. Honeywell Int'l, Inc.*, 75 So.3d 1024, 1029 (Miss. 2011) ("The Court looks to the whole of a statute to avoid adhering to one sentence or

No. 15-60034

phrase of statute in a way that skews its true meaning."). But, as is shown when his specific arguments are considered, this gets Parker nowhere.

Parker argues that the law's purpose would be confounded if damages claims were not permitted, that subsection (5)'s immunity only covers situations where "an employee illegally uses the firearm the employer was prevented from prohibiting," that subsections (1) and (5) are in conflict, and that we have "power to correct obvious errors." Each of these arguments fails.

Parker's purposivist approach to statutory interpretation is at odds with the strict textual approach applicable under Mississippi law when the text is unambiguous. Further, Parker goes beyond the text and cites legislative history in an effort to show that subsection (5) was intended to provide employers immunity only in the event of a shooting. Under Mississippi law, however, legislative history is a tool of "statutory construction" only employed after a finding that the text is ambiguous. *See, e.g.*, *Bell v. State*, 160 So.3d 188, 193 (Miss. 2015). That Parker's invocation of legislative intent is inconsistent with the statutory text is laid bare by Parker's stark plea: "Let Legislative Purpose Control Over Words." This we will not do. *See DeSoto Cnty.*, 160 So.3d at 1156.

"Where statutes are ambiguous or in conflict with one another, it is proper to resort to the rules of statutory construction." *Miss. Gaming Comm'n v. Imperial Palace of Miss., Inc.*, 751 So.2d 1025, 1028 (Miss. 1999). Parker believes subsections (1) and (5) are in conflict if, as it seems, the first provision prohibits certain conduct and the second provides that a violator is not liable for damages in a civil action. This is plainly wrong. Subsection (5) does not nullify or conflict with subsection (1). It merely precludes plaintiffs from

seeking a specific remedy—damages in a civil action.  Parker's choice to pursue the one remedy subsection (5) denies does not bespeak conflict.[1]

Next, Parker asks we correct the Mississippi legislature's purported "obvious" error by adding the phrase "other than for a violation of subsection (1) of this section" to the end of subsection (5).  If there is an error here, it is not obvious.  This case is not like *Roseberry v. Norsworthy*, a case cited by Parker in which the Mississippi Supreme Court concluded with "irresistible conviction" that the legislature committed a "mere clerical error" by using the word "maximum" when it meant "minimum."  *See* 100 So. 514, 517 (Miss. 1924).  Nor is this case like *Martin v. State*, where the Mississippi legislature committed another clerical error—using the word "and" where it intended to use the word "are."  *See* 199 So. 98, 101 (Miss. 1940.)  We cannot very well add eleven words to the statute and claim to be correcting a clerical error.  Absent undeniable evidence of error, such a course would be especially inappropriate given that we are a federal court applying state law in a diversity action.  The legislature may rewrite the law, we will not.

Parker's final argument dispenses with statutory interpretation altogether.  In *McArn v. Allied Bruce-Terminix Co., Inc.*, the Mississippi Supreme Court identified two "narrow" exceptions to the at-will employment doctrine: (1) where the employee is discharged for refusing to participate in illegal acts, and (2) where the employee "is discharged for reporting illegal acts."  626 So.2d 603, 607 (Miss. 1993).  Only to that "limited extent" have Mississippi courts created "public policy exceptions to the age old common law rule of employment at will."  *Id.*  Per Parker, we "should adopt a third public

---

[1] As an alternative basis for affirmance, Leaf River argues section 45-9-55 does not provide a private right of action.  We do not reach this argument, but the existence of the issue illustrates the lack of conflict here.  Not every statutory violation gives rise to a private lawsuit, or to a claim for damages.

policy exception to the at-will employment doctrine."   In other words, notwithstanding subsection (5) and Mississippi's robust at-will employment doctrine, we should create a cause of action that permits Parker's suit to go forward.  The common law is not a means to end-run legislative enactments, and we will not effectively abrogate subsection (5) by judicial fiat.

AFFIRMED.