**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6027**

TIM LANDHOLT,

Plaintiff − Appellant,

v.

KENDALL CORLEY; JEANETTE MCBRIDE, in her official capacity as Clerk of Court for Richland County,

Defendant – Appellees.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:22−cv−02599−SAL)

Argued:  March 19, 2025                              Decided:  August 27, 2025

Before DIAZ, Chief Judge, GREGORY, Circuit Judge, and Jasmine H. YOON, United States District Judge for the Western District of Virginia, sitting by designation.

Vacated in part and remanded by published opinion.  Chief Judge Diaz wrote the opinion, in which Judge Gregory and Judge Yoon joined.

Christopher Stephen Truluck, TRULUCK LAW FIRM LLC, Columbia, South Carolina, for Appellant.  Andrew Lindemann, LINDEMANN LAW FIRM, P.A., Columbia, South Carolina, for Appellees.

DIAZ, Chief Judge:

A South Carolina state court judge issued a bench warrant to arrest Tim Landholt for not paying child support. Sheriff's deputies soon arrested Landholt, who was fined and sent on his way. But the clerk's office never recalled or cancelled the executed warrant. Over five years later, deputies again arrested Landholt on the stale warrant. He spent three days in jail.

Landholt sued Jeanette McBride, in her official capacity as the Richland County Clerk of Court, for negligence under South Carolina law. McBride claimed state-law immunity and the district court granted summary judgment to her on that basis.

Landholt now challenges the district court's holding that the South Carolina Tort Claims Act immunized McBride from Landholt's suit. On the record facts, and at this stage in the case, we think the district court erred. We therefore vacate the judgment in part and remand for further proceedings.

I.

A.

Landholt fell behind on his child support payments. A family court judge ordered Landholt to appear in court and explain why he shouldn't be held in contempt. When the day of the hearing arrived, Landholt didn't show up. So the court issued a warrant for his arrest. The clerk's office filed the warrant and sent a copy to the Richland County Sheriff.

2

Several weeks later, Landholt appeared in court to make a payment and was arrested. The court held a hearing that day, found him in contempt, and ordered him to pay a $200 fine.

That should have been the end of the matter. But the warrant was never recalled. So over five years later, law enforcement again arrested Landholt on the stale warrant.

B.

Landholt sued in South Carolina state court, bringing a federal constitutional claim (under 42 U.S.C. § 1983) and state-law negligence claims. After suing the wrong parties,[1] Landholt named Kendall Corley, the former deputy county clerk, as the defendant on the § 1983 claim, and Corley and Jeanette McBride (in her official capacity as the county clerk of court) as co-defendants on the South Carolina negligence claims. In discovery, Landholt elicited testimony from an employee at the clerk's office that it was "mandatory" to recall a bench warrant after it had been served. J.A. 127.

Perplexingly, it took Landholt over a year to serve Corley with process. Once served, Corley removed the action to federal court. By this time, the suit was nearly three years old.

The parties eventually cross-moved for summary judgment. A magistrate judge recommended granting summary judgment to Corley on the federal claim, finding that "Landholt fail[ed] to put forth evidence from which a reasonable jury could conclude that

---

[1] Landholt sued and dismissed Richland County as a defendant. He also sued Kendall Corley, the former deputy clerk, for state-law negligence and a 42 U.S.C. § 1983 violation but later withdrew the state-law claim against him.

3

Corley is liable for a deprivation of Landholt's rights pursuant to § 1983." *Landholt v. Corley*, No. CV 22-2599, 2023 WL 9109685, at *3 (D.S.C. Oct. 11, 2023). The magistrate judge also recommended granting summary judgment to McBride on Landholt's negligence claims, on the ground that McBride was immune under the South Carolina Tort Claims Act.

The Act doesn't waive South Carolina's state-law immunity for government entities where "a loss result[s] from: (1) legislative, judicial, or quasi-judicial action or inaction; [or] (2) administrative action or inaction of a legislative, judicial, or quasi-judicial nature." S.C. Code § 15-78-60(1)–(2)). The magistrate judge reasoned that "[i]n both nature and function, [failure to recall a warrant] falls under administrative action or inaction that is judicial or quasi-judicial." *Landholt*, 2023 WL 9109685, at *4 (citing *DeSoto County v. T.D.*, 160 So. 3d 1154, 1156 (Miss. 2015)).

The district court adopted the magistrate judge's recommendations. In doing so, the district court rejected Landholt's contention that immunity for a quasi-judicial act requires some amount of discretion. *Landholt v. McBride*, No. 3:22-CV-2599-SAL, 2023 WL 8596041, at *5 (D.S.C. Dec. 12, 2023).

Landholt appeals. He challenges only the district court's immunity finding in granting summary judgment to McBride on the state-law negligence claims.

## II.

"We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Harris v. Norfolk*

4

*S. Ry. Co.*, 784 F.3d 954, 962 (4th Cir. 2015) (quotation omitted).  To prevail, a movant must show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

## III.

## A.

The South Carolina Tort Claims Act provides that government entities are liable for their torts "in the same manner and to the same extent as a private individual under like circumstances," with some exceptions.  S.C. Code § 15-78-40.  Those exceptions include the immunities listed in S.C. Code § 15-78-60 (and implicated here), which "must be liberally construed in favor of limiting liability."  *Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 743 S.E.2d 808, 814 (S.C. 2013).  The forty discrete immunities are affirmative defenses which the state bears the burden of proving.  *Steinke v. S.C. Dep't of Lab., Licensing & Regul.*, 520 S.E.2d 142, 152 (S.C. 1999).

McBride seeks immunity for an "administrative action or inaction of a legislative, judicial, or quasi-judicial nature."  S.C. Code § 15-78-60(2).  Landholt, meanwhile, argues that even though the immunity statute refers to administrative action or inaction, that action or inaction still must be of a quasi-judicial nature.  And to be of a quasi-judicial nature, he contends there must be some discretion involved in the action or inaction.  McBride responds that the plain language of subsection 15-78-60(2) doesn't distinguish between ministerial or discretionary acts; rather, the term "administrative" indicates that the grant of immunity extends to non-discretionary acts.

5

Having reviewed South Carolina's (limited) authority on the issue, we think Landholt has the better argument.

## B.

When a state's highest court interprets a statute, we are "bound by the state court's interpretation, and must assume that the statute says what the state courts say it says." *Faircloth v. Finesod*, 938 F.2d 513, 517 n.9 (4th Cir. 1991). When, however, the highest court hasn't spoken (as is the case here), "we defer to a decision of the state's intermediate appellate court to a lesser degree." *Gelin v. Maryland*, 132 F.4th 700, 716 (4th Cir. 2025). "Nevertheless, we do defer, and we require persuasive data to depart from a decision of a state intermediate appellate court that is directly on point." *Id.* (cleaned up); *see also West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940) ("Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court would decide otherwise.")

So far, only South Carolina's intermediate courts have defined the contours of immunity under subsection 15-78-60(2). But what they have said favors Landholt, and McBride offers no reason why the Supreme Court of South Carolina would disagree.

In *Hawkins v. City of Greenville*, for example, the Court of Appeals of South Carolina considered whether the Tort Claims Act barred a negligence claim under several immunities listed in section 15-78-60, including subsection (2). 594 S.E.2d 557, 564 (S.C. Ct. App. 2004). Hawkins alleged that the City of Greenville negligently designed a

6

stormwater drainage system, which caused flooding on Hawkins's property. *Id.* at 560–61.

In analyzing the city's claim of immunity, the state court noted that "[f]or each of these specific provisions, the determination of immunity from tort liability turns on the question of whether the acts in question were discretionary rather than ministerial." *Id.* at 564. And it made clear that "[a] finding of immunity under the Act 'is contingent on proof that the government entity, faced with alternatives, actually weighed competing considerations and made a conscious choice using accepted professional standards.'" *Id.* (quoting *Wooten ex rel. Wooten v. S.C. Dep't of Transp.,* 511 S.E.2d 355, 357 (S.C. 1999)). In other words, the government entity must show that a state actor exercised some level of discretion before immunity attaches.

The "contingent" language carries extra force when considering that another one of the immunities the City of Greenville asserted in *Hawkins* expressly *grants* immunity for discretionary acts. Subsection 15-78-60(5) immunizes "the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee." S.C. Code. § 15-78-60(5).

The *Hawkins* court nonetheless grouped the asserted immunities together and required the city to show that the governmental actor exercised some discretion for each. *Hawkins*, 594 S.E.2d at 564. And the Court of Appeals of South Carolina has repeated *Hawkins*'s mandate that section 15-78-60, and specifically subsection (2), provides only

7

"discretionary immunity." *Proctor v. Dep't of Health & Env't Control*, 628 S.E.2d 496, 506 (S.C. Ct. App. 2006) (citation omitted).

To be sure, as the district court found, other states have interpreted nearly identical statutes differently. *E.g., DeSoto County v. T.D.*, 160 So. 3d 1154, 1157 (Miss. 2015) (holding that a clerk who failed to recall a bench warrant was immune under an analogous Mississippi law).[2] But, where South Carolina's courts have interpreted its laws differently than Mississippi's, we follow the former.

Neither party here devotes much attention to whether a clerk of court has any discretion to recall a bench warrant, or is even the right party to sue for failing to do so. Landholt points to deposition testimony taken during discovery that recalling a warrant is mandatory. McBride, however, briefly suggests that the duty falls not on the clerk, but on the court.

These fleeting arguments on a potentially dispositive issue (which neither the magistrate judge nor district court reached) fall beyond our review. *See United States v. Frank*, 8 F.4th 320, 333 (4th Cir. 2021) (leaving for remand an issue "the district court did not decide and the parties have yet to address in any depth"). We note, though, that

---

[2] The en banc Supreme Court of Mississippi divided 5–4 in *Desoto County*, with the dissent maintaining that immunity only attached to discretionary (rather than ministerial) acts. 160 So. 3d at 1159 (Chandler, J., dissenting). The dissent also highlighted that other jurisdictions, "including those interpreting their respective state tort claims acts," had "decided with relative uniformity that failure to cancel a warrant under similar factual circumstances to those we have here is ministerial in nature and not covered by immunity." *Id.*

McBride—as the party seeking immunity—bears the burden of establishing such immunity under the Tort Claims Act. *Hawkins*, 594 S.E.2d at 564.

IV.

We vacate the district court's grant of summary judgment insofar as it relied on a determination that S.C. Code § 15-78-60(2) extends to non-discretionary acts, and remand for proceedings consistent with this opinion. We leave to the district court's discretion on remand whether to retain jurisdiction. *See Gelin*, 132 F.4th at 716.

*VACATED IN PART AND REMANDED*